IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| DANNA LOUAIN MOORE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 6:21-CV-03087-WJE |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Danna Louain Moore seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401, *et seq.*, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. Administrative Law Judge Jo Ann L. Draper ("ALJ") found that although Ms. Moore had several severe and non-severe impairments, she retained the residual functional capacity ("RFC") to do sedentary work. After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. Therefore, the Acting Commissioner's decision is AFFIRMED.

## I. Background

Ms. Moore protectively filed a claim for DIB and SSI on July 27, 2018. (AR 14). She alleges a disability onset date of June 1, 2018, due to back problems, diabetes, sleep apnea, depression, high cholesterol, allergies, and sciatic nerve pain. (*Id.* 14, 19, 176). Her claims were

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

denied initially on September 24, 2018. (*Id.* 14). She filed a written request for hearing which was held on September 5, 2019. (*Id.*).

On December 5, 2019, the ALJ denied Ms. Moore's claims. (*Id.* 11). The ALJ determined that although Ms. Moore had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 17-18). She also determined that Ms. Moore had an RFC to perform sedentary work with certain limitations, including:

> [She] can lift and carry 10 pounds occasionally and 5 pound[s] frequently. She can stand and walk 2 hour[s] and sit 6 to 8 hours in an 8-hour workday. She needs to change position every 30 minutes to walk/stand 2 to 3 minutes before returning to sitting, without leaving the workstation and without causing her to be off-task. She uses an assistive device to ambulate. She can occasionally climb ramps and [stairs], balance, stoop, kneel, and crouch. She can never crawl or climb ropes, ladders, or scaffolds. She cannot work in hazardous conditions[,] e.g. heights and moving mechanical parts.

(*Id.* 18). During the September 5, 2019 hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Moore's age, education, and work experience, along with the RFC identified above, would be capable of working. (*Id.* 21, 78-80). The VE testified that such an individual could perform Ms. Moore's past relevant work as a credit clerk. (*Id.* 21, 79-80).

Following the ALJ's decision, Ms. Moore filed an appeal with the Appeals Council. (*Id.* 133-35). The Appeals Council denied Ms. Moore's request for review leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-4). Since Ms. Moore has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Simmons v. Massanari*, 264 F.3d 751, 754 (8th Cir. 2001); *Roth v.*

*Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *see also Swink v. Saul*, 931 F.3d 765, 769 (8th Cir. 2019) (citation omitted). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003); *see Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (citation omitted); *Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls

outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## IV. Discussion

Ms. Moore raises one issue in her appeal before the Court. She argues that the RFC decision is not supported by substantial evidence because the ALJ did not account for the mental limitations that result from her reports of fatigue. (*See* Doc. 13 at 5-12). The Court finds that substantial evidence supports the RFC decision because the ALJ properly considered her subjective reports of fatigue. Accordingly, this Court affirms.

"A claimant's RFC is 'the most [she] can still do despite [her] limitations.'" *Swink*, 931 F.3d at 769 (quoting 42 U.S.C. § 404.1545(a)(1)). The claimant has the burden to prove her RFC. *Id.* at 770 (citing *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019)). Specifically, when evaluating a claimant's subjective reports, the ALJ "may choose to disbelieve those subjective reports because there are inherent inconsistencies or other circumstances that cause the ALJ to question the reliability of the subjective reports." *Twyford v. Comm'r, Soc. Sec. Admin.*, 929 F.3d 512, 517-18 (8th Cir. 2019) (citing *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007)). If the record as a whole, including the claimant's work history, daily activities, and objective medical evidence, is inconsistent with the claimant's subjective complaints, the complaints can be discounted. *See id.* at 518 (citations omitted); *see also Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Pearsall*, 274 F.3d at 1218 (citing *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987)).

Here, the ALJ properly considered Ms. Moore's subjective reports of fatigue, but ultimately determined that her reports were inconsistent with the record as a whole and did not

include any corresponding limitations in her RFC. First, the ALJ considered the objective medical evidence regarding Ms. Moore's reports of fatigue. (AR 17, 19-20). The ALJ noted that when Ms. Moore began using a CPAP machine as prescribed by her doctor she "indicated her tiredness improved." (*Id.* 17). Moreover, during her July 2019 hospitalization, she stated that she was no longer using a CPAP machine. (*Id.*). She also later noted that she could sleep most of the night. (*Id.* 20). Second, the ALJ considered Ms. Moore's daily activities, noting that she can complete household chores, watch television, spend time with her family, and play video games. (*Id.*). Her husband also reported that she can pay attention for three hours at a time. (*Id.*). Third, the ALJ considered Ms. Moore's work history as a credit clerk for twelve years and concluded that she could maintain her past relevant work with the limitations the ALJ adopted in the RFC. (*Id.* 20-21). The ALJ ultimately concluded that, regarding her fatigue, the "[t]he mild nature of her symptoms, the conservative treatment she has received for [it] since her alleged onset date, and her improvement with treatment are not consistent with the severity of her allegations." (*Id.* 20). Therefore, the ALJ properly concluded that the record as a whole was inconsistent with Ms. Moore's subjective reports of fatigue and did not include any corresponding limitations in her RFC. *See Pearsall*, 274 F.3d at 1218.

## V. Conclusion

For the reasons set forth herein, the Court finds that the Acting Commissioner's determination that Ms. Moore was not disabled is supported by substantial evidence in the record. Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Acting Commissioner is affirmed as set forth herein.

Dated this 27th day of December 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge